UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VITO CONTILLI,<br><br>    Plaintiff,<br><br>    v.<br><br>LOCAL 705, INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND and LOCAL 705, INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH AND WELFARE FUND,<br><br>    Defendants. | No. 05 C 0080<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

On June 26, 2007, I granted Defendants', Local 705 International Brotherhood of Teamsters Pension Fund and Local 705 International Brotherhood of Teamsters Health and Welfare Fund (collectively "Funds"), Motion for Summary Judgment and denied the Cross-Motion filed by Plaintiff, Vito Contilli. I entered and continued the Funds' request for costs and attorneys' fees, which are the subject of this motion. For the following reasons, I find that Plaintiff's challenge to his denials of claimed benefits by the Funds was not substantially justified and therefore Defendants may recover reasonable attorneys' fees and non-taxable costs incurred in defending this litigation.

**STANDARD OF REVIEW**

ERISA grants this court discretion to award attorneys' fees to either party. *See* 29 U.S.C. §1132(g)(1). Although the prevailing party is not entitled to attorneys' fees as a matter of course, *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 830 (7th Cir. 1984), the Seventh Circuit has

noted a "'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001) (*quoting Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 617 (7th Cir. 1995). The Seventh Circuit has recognized two tests to determine whether or not to award attorneys' fees to the "prevailing party" in an ERISA case. *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998); *Herman v. Central States, Southeast and Southwest Areas Pension Fund*, 423 F.3d 684, 696 (7th Cir. 2005) (*citing Senese*, 237 F.3d at 826). Under the first test, "an award of fees to a successful defendant may be denied if plaintiff's position was both substantially justified - meaning something more than non-frivolous, but something less than meritorious - and taken in good faith, or if special circumstances make an award unjust." *Id*. The second test requires the court to consider five factors: (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions. *Id*. (*citing Brewer v. Protexall, Inc.*, 50 F.3d 453, 458 (7th Cir. 1995) (internal quotation omitted). Both tests answer the same basic question: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Quinn*, 161 F.3d 472, 478 (*citing Hooper v. Demco, Inc.*, 37 F.3d 287, 294 (7th Cir. 1994).

As noted by the Seventh Circuit in *Bittner*, the 5-factor test "is oriented toward the case where the plaintiff rather than the defendant" is the prevailing party seeking an award of fees.

*Bittner*, 728 F.2d at 829. While factors 1 and 5 would be relevant to the award of attorneys' fees regardless of which party prevailed, factor 2 is primarily relevant in cases where any award of attorneys' fees would be paid not out of the pockets of the people personally responsible for the denial of benefits, but out of the plan assets themselves, thus hurting the plan beneficiaries. *Id*. As in *Bittner*, this concern is not at issue here because the defendant Funds, rather than the plaintiff, seek attorneys' fees. *Id*. Factor 3 considers the deterrent effect of any award of fees, which is related to factor 2 in that "the deterrent effect of an award would be blunted if it were not paid by the culpable parties." *Id*. Likewise, factor 4, which considers the benefit conferred on the other plan participants or beneficiaries, "is an important consideration in evaluating the merit of the plaintiff's case . . . - though again only in a case where the plaintiff is seeking an award of attorney's fees." *Id*.

In sum, although the Seventh Circuit has articulated two tests, the inquiry that will substantially satisfy both formulas is this: Was Contilli's ERISA lawsuit challenging the denials of claimed benefits by the Funds substantially justified and taken in good faith? *Quinn*, 161 F.3d at 478; *Stark III v. PPM Am., Inc.*, 354 F.3d 666, 673 (7th Cir. 2004). Substantially justified means "something more than nonfrivolous, but something less than meritorious - and taken in good faith." *Stark*, 354 F.3d at 673 (*quoting Senese*, 237 F.3d at 826). The absence of good faith does not require a subjective finding of bad faith, but rather describes "a party who pursues a position that is not substantially justified - that is, a position without a solid basis" and thereby has "really done nothing more than harass his opponent by putting him through the expense and bother of litigation for no good reason." *Production and Maintenance Employees' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1405 (7th Cir. 1992).

For the sake of completeness, I also address the additional factors (2, 3, and 4) of the second test that are not necessarily addressed by the fundamental inquiry of substantial justification.

## ANALYSIS

At the time Contilli filed his complaint to recover benefits under the two Teamster funds, he had failed to exhaust internal plan remedies for several of his claims. *Stark*, 354 F.3d at 673 (failure to exhaust plan remedies by not following required procedures cited in support of conclusion that position not "substantially justified.") It is true that under certain circumstances a failure to exhaust internal remedies may be excused, those circumstances were not present in this case.[1] For those claims that were appealed to the Boards of Trustees (the claim for pension service credit prior to 1953, the specific medical claims arising between April 7 and May 24 of 1997 and two weeks of disability benefits in January 1997, and the 1998 pension application), the decisions of the Trustees was final and binding. Contilli utterly failed to provide any evidence of animus among the Trustees that would have caused them to act arbitrarily and capriciously. Furthermore, Contilli has been evasive through each of his filings. He has pursued claims in his Motion for Summary Judgment that were not included in his Complaint and again re-characterized issues in his response to the Funds' Motion for Fees currently before the court. Contilli has made it difficult for the Funds to avoid the costs of litigation because he never

---

[1]The Seventh Circuit has recognized two circumstances in which failure to exhaust may be excused: (1) lack of meaningful access to review procedures, and (2) where pursuing internal remedies would be futile. *Stark*, 354 F.3d at 671. Contilli asserted the second, claiming without support that the Trustees acted with "extreme animus" towards him. As I found before, there is no evidence of futility in this case, and the papers before me do not give any reason to conclude that I should disregard the general policy favoring exhaustion of administrative remedies.

specified an amount of money he claims the Funds owe him. Defendant Funds requested an itemized demand from Contilli in a letter dated January 24, 2006, but they received no response. Contilli identified some amounts in his Reply in Support of Summary Judgment, but not to a degree of specificity that would have afforded the Funds the opportunity to avoid litigating the case to summary judgment.

For all of the foregoing reasons, Contilli's ERISA lawsuit was not substantially justified. He had no solid basis upon which to base his claims. The decisions of the Boards of Trustees with regard to the appealed claims were final and binding, and I see nothing in the record that would persuade me to depart from those decisions. For the remaining claims that were not appealed, Contilli was required to exhaust plan remedies before filing a lawsuit in federal court. His failure to do so cannot be excused.

Even if I were to apply the 5-factor test, I would still grant the Funds' motion for attorneys' fees. Factors 1 and 5 concern the issues substantial justification and good faith, which I have addressed above. Those factors weigh in favor of awarding fees. Contilli asserted in his response to the Funds' motion for fees that "attorney fees will not deter [him personally] from other litigation", which I believe given the history cited in the record. Therefore, factor 2 weighs in favor of awarding fees. Although factor 3 more readily applies in situations in which the plaintiff requests fees from a fund, an award against Contilli for pursuing his case is not likely to deter others from pursuing cases that are in fact substantially justified. If anything, an award of fees to the Funds will deter others who have appealed and lost their claims or failed to exhaust their plan remedies from filing those claims in federal court. Therefore, factor 3 weighs in favor of awarding fees. Lastly, a clear benefit will be conferred on members of the Funds' plans as

whole if the Funds are able to recover the expenses they incurred in litigating this lawsuit. The fees recovered would be made available to pay the benefits of other members, whereas the denial of attorneys' fees would cause a depletion of those same funds. Therefore, factor 4 also weighs in favor of awarding fees.

Although Contilli has argued that he has insufficient assets and income to pay the attorneys' fees, he has failed, without justification, to submit any documentation such as tax returns, W-2 statements, or bank statements to support his argument. He states that he is presently 77 years-old and that his only source of income is his pension and social security. Contilli worked for over 42 years as a truck driver and, as he states, was unable to save any money during that time to pay for this type of litigation. Contilli concludes that he cannot pay the requested attorneys' fees, even though a specific amount of fees has not yet been demanded. Without further documentation of his financial situation, the Court finds that there are no special circumstances that would make an award of reasonable fees unjust.

The Funds have requested their costs and attorneys' fees, in an amount to be determined pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.3. The Federal Rule requires the moving party to "state the amount or provide a fair estimate of the amount sought." Fed. R. Civ. P. 54(d)(2)(B). The Federal Rule also defers to local rules for any special procedures for issues relating to attorneys' fees. *Id*. Local Rule 54.3(d) requires the parties to "confer and attempt in good faith to agree on the amount of fees or related nontaxable expenses that should be awarded prior to filing a fee motion." N.D. Ill. Local R. 54.3(d). The Local Rules further require that the movant provide the respondent with time and work records, hourly rates, and nontaxable expenses "within 21 days of the judgment or settlement agreement upon which

the motion is based, unless the court sets a different schedule." *Id*. at 54.3(d)(4). The court may, on its own initiative, modify any time schedule. *See id*. at 54(g). Accordingly, I am extending the time and ordering the parties to confer and attempt in good faith to agree on the amount of fees that should be awarded now that I have granted the fee motion. While I realize that the chances of agreement are modest, I instruct the parties to follow the guidelines set forth in Local Rule 54.3 and to report back to this court within 60 days of the day this order is issued.

Therefore, it is ordered that the Defendants' motion for attorneys' fees is granted insofar as Defendants shall recover from the Plaintiff reasonable attorneys' fees attributable to the Defendants' actual cost of litigating this case. The parties are ordered to proceed according to Local Rule 54.3 and make a good faith attempt to agree upon a reasonable sum.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: October 11, 2007