# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 0080 | **DATE** | November 29, 2010 |
| **CASE TITLE** | VITO CONTILLI v. LOCAL 705, INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND and LOCAL 705, INTERNATIONAL BROTHERHOOD OF TEAMSTERS HEALTH AND WELFARE FUND | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to stay the proceedings [80] is denied. Plaintiff's motion for settlement conference [79] is granted.

## STATEMENT

Vito Contilli brought this lawsuit pursuant to ERISA challenging denials of claimed benefits by two Teamster funds. I granted Defendants' motion for summary judgment and allowed Defendants to recover attorneys' fees and costs. Plaintiff appealed my ruling, and the Seventh Circuit vacated my judgment and remanded the case. Plaintiff now asks that I assign a portion of his case to Magistrate Judge Brown for the purpose of conducting settlement negotiations, and that I stay his COBRA claim and remand it to the Local 705 Health and Welfare Plan to consider his claim administratively.

A. Plaintiff's Motion To Stay the Proceedings and Direct That the Health Plan Administratively Consider Contilli's COBRA Claim Is Denied.

Plaintiff asks that, aside from settlement negotiations, I stay the proceedings and direct the Local 705 Health and Welfare Plan to consider his COBRA claim administratively. In my Memorandum and Order dated June 26, 2007, I found that Plaintiff waived his COBRA claim because he did not exhaust his administrative remedies. Plaintiff failed to appeal this claim to the Trustees, nor did it appear in the complaint. Furthermore, Plaintiff did not inform the Health and Welfare Fund of its alleged mistake allowing it to correct the allegedly inaccurate premium rate. The Seventh Circuit rejected Plaintiff's contention that the plan's failure to provide him with a history of his employer contributions justified his failure to exhaust this claim with the Trustees.

On remand, the Seventh Circuit instructed Plaintiff to only present arguments that were preserved both by the administrative process and in the district court. Plaintiff argues again that he did not receive valid

**STATEMENT**

COBRA notice because the Health and Welfare Plan did not take into account the contributions made while Contilli was working in covered employment on a part-time basis. Pursuing this argument, Contilli now argues that he did not waive his claim administratively because he did not know about it. Contilli argues that "[w]ith no accurate COBRA notice, Contilli cannot be held responsible to know about his COBRA rights to assert them administratively." *See Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726 (7th Cir. 1999). As I noted in my earlier Order, this case is distinguishable from *Popovits*, where the plaintiff did elect coverage and was billed for twice as much as was due and refused coverage until the overcharge was paid. Here, Contilli did not make payments or self-pay, and the notices clearly indicated that he would have to pay something. The Seventh Circuit was unpersuaded by Plaintiff's contention that he was justified in not exhausting his COBRA claim with the Trustees noting that "a shortcoming on the matter of employer contributions does not justify the omission of a COBRA argument from the submissions to the two funds." As I held previously, Plaintiff has failed to exhaust his administrative remedies as to his COBRA claim, and accordingly that claim is dismissed. Plaintiff's motion to stay is denied.

B. Plaintiff's Motion To Assign The Case To Magistrate Judge Brown Is Granted.

Both Plaintiff and Defendants are willing to participate in a settlement conference in good faith. Accordingly, this matter is assigned to Magistrate Judge Brown for purposes of conducting settlement negotiations with respect to the remaining issues before this Court.